# Shook *v.* Blount *et al.*

*Action for Breach of written Contract to collect Note Delivered as Collateral Security.*

1. *Release ; duty of court to construe decree relied on as.*—When the defendant relies on a decree of the Chancery Court to show a release of the plaintiff's cause of action, the court must construe the decree, and determine from its face, whether it was intended to operate as a release, and a charge which submits this question to the jury is erroneous.

2. *Same ; when parol evidence of consent of parties to decree relied on is not admissible.*—When, in such a case, the decree shows nothing on its face which operates as a release, parol evidence that the plaintiff's solicitors consented to the decree, is illegal and incompetent.

APPEAL from Etowah Chancery Court.

Tried before Hon. N. S. GRAHAM.

This was an action brought by W. T. Shook against Jos. G. Blount and Samuel Henry, and was founded on the following contract : "Gadsden, Ala., Sept. 1871. Be it known that I have this day given the following notes" (describing them), "and to secure the prompt payment of the above named notes, I have this day placed in the hands of Henry and Blount the following collateral, to-wit : one note of hand for the sum of thirty-five hundred dollars, given by H. H. Miller to me for the purchase-money of land, for which land I have only executed bond for titles, but I have not made titles, and in the event of the non-payment of said notes by the first day of April next, then the said Henry and Blount are to proceed to collect the aforementioned collateral, and out of the proceeds pay the expense incurred in collecting said collateral, and then the above mentioned notes and·

[Shook v. Blount et al.]

the remainder, if any, turn over to the said W. T. Shook.
W. T. Shook." The complaint averred that the notes were
not paid at the time specified in the contract ; that defend-
ants received Miller's note under this contract ; that Blount
and Henry filed a bill to enforce the vendor's lien on the
land ; that they obtained a decree for the full amount of the
note, principal and interest, but that afterwards, by agree-
ment with Miller, a decree was entered that the land should
be sold only for the amount of the secured debts, and the cost
of collecting the note ; that there was three hundred and
seventy dollars due on the note in excess of this amount,
which Blount and Henry failed to collect. The evidence for
the plaintiff, on the trial, tended to show the truth of these
averments. The defendant, who had pleaded "in short by
consent" : 1. Performance of all the stipulations of the con-
tract. 2. That plaintiff, on the 23d day of June, 1873, re-
leased and discharged defendants from all liability on account
of said contract. 3. Accord and satisfaction, introduced in
evidence a decree of the Chancery Court of Etowah, to show
a release by the plaintiff. This decree, which is set out in
the opinion of the court, was obtained on the bill filed by
Blount and Henry, against Miller, on the purchase-money
note delivered to them by the plaintiff, Shook. In that cause
said Shook had filed a cross-bill, asserting his right to any
balance remaining after the payment of the secured debts,
and the costs of collecting the note. This cross-bill, and the
original bill, were both dismissed. The defendants intro-
duced evidence to show that counsel, who represented Shook,
had agreed to the decree of June 23, 1873. Plaintiff ob-
jected to the introduction of this evidence. The court over-
ruled the objection and defendant excepted. There was also
evidence introduced by the plaintiff to show that neither he
nor his solicitor had consented to that decree. On this state
of facts the court gave the charge to the jury which is set out
in the opinion. The giving of that charge, and the admis-
sion of the evidence as to the plaintiffs consenting to the de-
cree, is assigned as error.

M. J. TURNLEY, and W. H. DENSON, for appellants.—It was
the duty of Blount and Henry, under the contract, to collect
Miller's note, pay the expense of collecting it, and the secured
debts, and then turn over the remainder to appellant. When
it was shown that Blount and Henry had collected enough to
pay the secured debts, and the costs of collecting, and that
there was a balance remaining due on the note, which they
had failed to collect or pay over, appellant's case was made
out. Blount and Henry attempted to show that they were

released by a decree of the Chancery Court, but this decree does not show any release on its face. The court should have excluded the evidence as to the negotiations and motives which led to the decree, because they were all consummated by, and merged in it.—1 Brick. Digest, 865, §§ 866, 867, 868.

WATTS & SONS, for appellees.

STONE, J.—The instrument declared on in this case bound Blount and Henry, in a certain event which happened, to collect the note of Miller, pay certain specified debts out of the proceeds, and pay the balance to Shook. The balance of the note, some three hundred and seventy dollars, Blount and Henry failed to collect. It is contended for defendants, appellees here, that Shook released them from that part of their contract, by having knowledge of, and assenting to the decree of June 23d, 1873. That decree finally disposed of all the funds, except the said balance, and left that open for further litigation, raised by Miller's cross-bill against Shook, his co-defendant. The Chancellor had decreed there was a lien on the land as follows : "And it appearing to the court from said report that there is due on the note from said respondent Miller to respondent Shook, mentioned in said bill and claimed as collateral security by complainants, the sum of four thousand, one hundred and ninety-five dollars and thirty-two cents, up to this date. It is, therefore, adjudged and decreed by the court that said note is a lien upon the lands described in complainant's bill, to the amount of said note and interest, as above stated." The decree then, as we have said, postponed or reserved the consideration of said balance of three hundred and seventy dollars. Both the original, and Miller's cross-bill, were subsequently dismissed by the Chancellor, without further notice or disposition of said three hundred and seventy dollars. There was oral testimony, *pro* and *con*, that Shook's solicitor had knowledge of, and assented to the terms of the decree of June 23d, 1873.

The charge of the court was, "that if the jury believed from the evidence that plaintiff Shook consented to the decree of 23d June, 1873, contained in said record read to them, and that at the time he did so he intended it to operate as a release of the defendants, Henry and Blount, from the collection of the balance of said Miller's note, then plaintiff could not recover." In giving this charge the court clearly erred. The construction of the Chancellor's decree of June 23d, 1873, was a matter for the court, and the intention of

the parties should have been determined by the court from the face of the decree itself. There is nothing in the decree which releases Blount and Henry from any obligation to collect the residue of the Miller note, and the court should have so instructed the jury. If Miller had obtained a decree on his cross-bill against Shook, defeating the collection of that balance, that would have exonerated Blount and Henry. But Miller's cross-bill was dismissed.

There was nothing in the objection that witnesses were allowed to testify to the argument of counsel in reference to the decree. If such testimony had had any bearing in the case, it could have been proved in no other way, not being in writing. The fatal objection to it is, that it was worth nothing when proved, as it neither did, nor could exert any influence in the construction of the Chancellor's decree.

Reversed and remanded.